**NYNEX CORPORATION, et al., Plaintiffs,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, et al., Defendants.**

Civ. No. 93–323–P–C.

United States District Court, D. Maine.

Feb. 25, 1994.

Catherine R. Connors, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, John P. Walsh, NYNEX Corp., White Plains, NY, William J. McDonald, New England Tel. & Tel., Boston, MA, H. Thomas Byron, III, Mayer, Brown & Platt, Washington, DC, for plaintiffs.

David R. Collins, Asst. U.S. Atty., Portland, ME, Marcia K. Sowles, U.S. Dept. of Justice, Civil Div., Washington, DC, for defendants.

Alfred C. Frawly, III, Brann & Isaacson, Lewiston, ME, Peter Kimm, Jr., Washington, DC, for intervenor-defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING NECTA'S MOTION TO INTERVENE OF RIGHT

GENE CARTER, Chief Judge.

The New England Cable Television Association, ("NECTA"), a regional six-state association representing most cable operators in New England, has filed a motion to intervene of right in this action or, in the alternative, for permissive intervention pursuant to Fed-

eral Rules of Civil Procedure 24(a)(2) and 24(b)(2), respectively. The action involves a constitutional challenge by NYNEX Corporation and various affiliates in New England who allege that section 613(b) of the Cable Communications Policy Act of 1984 ("Cable Act") violates their First Amendment rights. 47 U.S.C. § 533(b). That provision prohibits telephone companies from engaging in the video programming market in the same geographic areas in which they provide phone service.

■ NECTA represents cable operators in Maine, Massachusetts, Rhode Island, New Hampshire, Vermont, and Connecticut, all states where NYNEX and its telephone company subsidiaries reside. NECTA argues that its interest in maintaining a competitive market and prohibiting monopoly control, which it believes is furthered by section 533(b), is substantial enough to support intervention of right in this action. This Court agrees and will grant NECTA's motion to intervene of right pursuant to Fed.R.Civ.P. 24(a)(2).[1]

■ Rule 24(a)(2) allows intervention if an applicant can satisfy the following four requirements:

> *First,* the application must be timely. *Second,* the applicant must claim an interest relating to the property or transaction which is the subject of the action. *Third,* the applicant must be so situated that the disposition of the action may as a practical matter impair or impede [the applicant's] ability to protect that interest. *Fourth,* the applicant must show that [its] interest will not be adequately represented by existing parties.

*Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 637 (1st Cir.1989) (emphasis added). Plaintiffs limit their challenge to NECTA's ability to satisfy the second and fourth requirements.[2] Plaintiffs' Objection to New

1. Fed.R.Civ.P. 24(a)(2) provides that a party can intervene of right upon timely application:

   (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

   The requirements for permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2) are generally less stringent than those cited above for intervention of right. However, NECTA has failed to meet the threshold requirement of permissive intervention of establishing an independent jurisdictional basis for its claims. Unlike intervention of right where the court exercises ancillary jurisdiction over the claims of an intervening party, in permissive intervention the party must establish the existence of a jurisdictional basis for its claims independent of the jurisdiction that the court has over the current action. The purpose of this requirement is to ensure that federal courts do not "surreptitiously expand the scope of their jurisdiction through the operation of Rule 24." *Schomber v. Jewel Companies, Inc.,* 614 F.Supp. 210, 215 (D.C.Ill.1985); *see also, e.g., Paine, Webber v. Merrill Lynch, Pierce,* 564 F.Supp. 1358, 1372–73 (D.Del.1983).

2. Plaintiffs also argue that NECTA and its members should not be allowed to intervene because they are bound by prior litigation in which the Chesapeake & Potomac Telephone Company challenged the constitutionality of the same provision of the Cable Act in *Chesapeake & Potomac Tel. Co. v. United States,* 830 F.Supp. 909

(E.D.Va.1993). The National Cable Television Association, NCTA, was permitted to intervene in that case as a defendant and the district court ruled in favor of plaintiff. The Court notes that *Chesapeake & Potomac Tel. Co.* is currently pending on appeal before the Court of Appeals for the Fourth Circuit.

This Court does not find that NECTA and its members are in privity with NCTA to the extent necessary to justify application of collateral estoppel. Plaintiffs do not present any evidence supporting their assertion that nearly all NECTA members belong to NCTA or that NECTA members were at all involved in NCTA's litigation efforts. Plaintiffs' Memorandum (Docket No. 11) at 3. Further, there was not a sufficient identification of interests between NECTA and NCTA to justify binding NECTA to the prior litigation. The outcome of *Chesapeake & Potomac Tel. Co.* did not pose a direct threat to the regional market in which NECTA members operate. NECTA's interests were more attenuated in *Chesapeake & Potomac Tel. Co.* than in the current litigation which could greatly impact upon the New England cable market.

Lastly, NYNEX was not a party to the prior litigation so its argument that NECTA is bound by that litigation is, in effect, an assertion of nonmutual offensive collateral estoppel. In *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329–31, 99 S.Ct. 645, 650–52, 58 L.Ed.2d 552 (1979), the United States Supreme Court indicated that the application of nonmutual offensive collateral estoppel could be unfair to parties in prior suits and might encourage nonparties to sit on the sidelines rather than join in litigation and risk

England Cable Television Association's Motion to Intervene and Incorporated Memorandum of Law (Plaintiffs' Memorandum) (Docket No. 11) at 4.

■ The "interest" prong of Rule 24(a)(2) requires an applicant to demonstrate a "significantly protectable" interest in the property or transaction at issue in the litigation. *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). While indicating that "[t]here is no precise and authoritative definition of the interest required to sustain a right to intervene," the Court of Appeals for the First Circuit has stated that "the intervenor's claims must bear a 'sufficiently close relationship' to the dispute between the original litigants" and "[t]he interest must be direct, not contingent." *Travelers Indem.,* 884 F.2d at 638. The Court of Appeals has also indicated that sufficient interest to support intervention may be more easily found "where public law disputes affecting federal regulatory programs are at issue" than "when individuals litigate private disputes or those governed by state law." *Conservation Law Foundation v. Mosbacher,* 966 F.2d 39, 42–43 (1st Cir. 1992) (holding that the economic interests of commercial fishing groups were sufficient to support intervention of right in a suit by environmental organizations to require the Secretary of Commerce to submit regulations to eliminate overfishing).

In this case, the Court finds that NECTA's claims are sufficiently close to the dispute and its members' interests are implicated directly by the outcome of this litigation. NECTA's claim that section 533(b) serves to protect the New England cable market from unfair competition and monopolistic practices is directly related to the Federal Communication Commission's defense of the statute. Memorandum of New England Cable Television Association in Support of its Motion to Intervene (Docket No. 6) at 1–2 and 5–6. NECTA members' economic interests in sustaining the statutory provision so that local telephone companies do not enter the market will be directly affected by the outcome of this litigation.

This Court further finds that NECTA's interests are not adequately represented by existing parties to the litigation. NECTA members are regulated by the Federal Communications Commission and if the litigation results in a favorable ruling for Plaintiffs, the FCC may enforce new regulations that are detrimental to NECTA members' interests. In addition, the FCC will defend this case from the perspective of the overall national public welfare, while NECTA will present a much more localized perspective on the cable market in New England and on the impact that local telephone company competition would have on that market. NECTA may well make a compelling defense of the statute since the economic viability of many of its members could be directly threatened by the outcome of this litigation. In granting NECTA's motion to intervene of right, this Court acknowledges that it will benefit from the additional perspective and arguments that the association will raise as a party to the suit.

Accordingly, it is *ORDERED* that NECTA's motion to intervene of right be, and it is hereby, *GRANTED.*

So *ORDERED:*

---

being bound by an unfavorable result. "Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a 'wait and see' attitude, in the hope that the first action by another plaintiff will result in a favorable judgment." *Id.* at 329, 99 S.Ct. at 651. Given the potential for abuse of the doctrine, the Supreme Court indicated that trial courts have broad discretion to determine when nonmutual offensive collateral estoppel should be applied. *Id.* at 331, 99 S.Ct. at 651. This Court does not choose to apply the doctrine in this case.